<mark>RECEIVED USDC
CLERK, CHARLESTON, SC
2019 AUG -7 AM 7:47</mark>

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| Gregory Daniels, | ) | Civil Action No. 5:18-3064-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden of Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 29) recommending that the Court grant Respondent's motion for summary judgment (Dkt. No. 21) on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Respondent's motion for summary judgment.

## I.  Background

Petitioner Gregory Daniels is an incarcerated person proceeding *pro se* to seek habeas corpus relief pursuant to 28 U.S.C. § 2254. As the Magistrate Judge comprehensively details, in 2010 Petitioner was tried and found guilty by a jury of murder and possession of a weapon during the commission of a violent crime. (Dkt. No. 29 at 2.) He appealed his conviction and the South Carolina Supreme Court affirmed. (*Id.* at 3.) Petitioner then filed and later amended an application for post-conviction relief, which the Circuit Court judge dismissed with prejudice following a hearing, finding in part that there was overwhelming evidence of guilt in the face of any contention of ineffective assistance of counsel. (Id. at 3–4, 19.) Petitioner now petitions for federal habeas relief on three grounds: (1) should the jury have not been instructed that it was "acting for the community"; (2) ineffective assistance of trial and appellate counsel and Brady violations or other

-1-

prosecutorial misconduct; and (3) that the lower court erred in finding trial counsel did not ineffectively prepare and investigate. (Dkt. No. 1 at 5-8.) Respondent now moves to dismiss the petition, to which Petitioner responded in opposition.

## II. Legal Standard

### a) Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Petitioner did not file any objections to the R & R so the Court reviews it for clear error.

### b) Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in

favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, to survive summary judgment the respondent must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### c) Federal Habeas Relief Pursuant to 28 U.S.C. § 2254

A state prisoner who challenges matters "adjudicated on the merits in State court" can obtain federal habeas relief only if he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The state court's application is unreasonable if it is "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Meaning, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

-3-

The state court's determination is presumed correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state court's decision "must be granted a deference and latitude that are not in operation" when the case is considered on direct review. *Harrington*, 562 U.S. at 101. This is because habeas corpus in federal court exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id.* at 102 (citation and internal quotation marks omitted). Accordingly, pursuant to 28 U.S.C. § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id.*

Before the petitioner may pursue federal habeas relief to this standard, he must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). The petitioner "must present his claims to the state's highest court," *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (abrogated on other grounds by *United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)), which requires the petitioner to have "fairly present[ed] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted). A federal habeas court should not review the merits of claims that would be found to be procedurally defaulted or barred under independent and adequate state procedural rules. *Lawrence v. Banker*, 517 F.3d 700, 714 (4th Cir. 2008). Rather, for a procedurally defaulted claim to be properly considered by the federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of

federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## III. <u>Discussion</u>

After careful review of the R & R, the parties' arguments and the record on summary judgment, the Court finds that the Magistrate Judge comprehensively addressed the issues and correctly concluded that Petitioner's petition should be denied.

Regarding Ground One, upon a review of the record, the Court finds that the Magistrate Judge correctly identified this issue was properly raised and ruled upon by the South Carolina Supreme Court. Petitioner argues the language of the jury charge "acting for the community" and that the jury verdict would represent the truth, erroneously shifted the burden of proof from the prosecution to the defendant. (Dkt. No. 1 at 5.) Yet, the South Carolina Supreme Court upheld Petitioner's conviction and ruled the instructions as a whole conveyed the law to the jury. (Dkt No. 20-3 at 146–157). The Magistrate Judge reviewed the trial transcripts and jury charge and found that each supported the South Carolina Supreme Court's finding. (Dkt. No. 29 at 34.) Further, the Magistrate Judge found the South Carolina Supreme Court's reliance on testimony surrounding Petitioner's confession to the murder and Petitioner's letters to his girlfriend supported a finding that the trial court's erroneous instructions were harmless. (Dkt. Nos. 29 at 34; 20-3 at 156). The Magistrate Judge correctly concluded the Petitioner failed to demonstrate the South Carolina Supreme Court unreasonably applied United States Supreme Court precedent, nor did the Petitioner show by clear and convincing evidence the South Carolina Supreme Court reached an unreasonable factual determination given the record before it. Thus, Petitioner offered insufficient evidence to overcome the deferential standard of review accorded the state appellate court's determination. (Dkt. No. 29 at 34); *Harrington v. Ritcher*, 562 U.S. 86, 102–105. As such, the court adopts the R & R that Petitioner is not entitled to relief as to Ground One.

-5-

Next, regarding Ground Two, upon a review of the record, the Court finds that the Magistrate Judge correctly concluded that Petitioner's claims for ineffective assistance of counsel should be denied. Petitioner claims his counsel was ineffective for failing to: (a) disclose discovery evidence to him; (b) prepare him to testify and advise him not to testify; (c) interview possible defense witnesses; (d) raise a third-party guilt defense; (e) utilize exculpatory evidence at trial; and (f) argue against the admission of victim's phone call to Shavonne Gas. These claims were addressed in Petitioner's PCR application and denied by the PCR court. (Dkt. Nos. 20-3 at 199; 20-5 at 187–193; 20-6 at 1–23.) Liberally construed, claims (a) through (e) were addressed in Petitioner's Petition for Writ of Certiorari which was denied. (Dkt. Nos. 20-11; 20-13.)

Generally, to demonstrate ineffective assistance of counsel, the Petitioner must show that his counsel was deficient in his representation and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate ineffective assistance of counsel, first Petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norm. *Id.* at 687. Second, Petitioner must show that this deficiency prejudiced the defense. *Id.* at 694. As the United States Supreme Court has found, "[s]urmounting *Strickland*'s high bar is never an easy task . . . Establishing that a state court's application of *Strickland* was unreasonable under § 2254 is all the more difficult." *Harrington*, 562 U.S. at 105. (internal quotation marks and citations omitted).

The PCR Judge wrote a comprehensive order denying all of Petitioner's ineffective assistance of counsel claims (a) through (f). (Dkt. Nos. 20-5 at 187–193; 20-6 at 1–23.) The PCR Judge found that the Petitioner failed to demonstrate counsel's performance was deficient and failed to present evidence to show any prejudice resulting from counsel's representation. (Dkt. No. 20-5 at 7.) The Magistrate Judge correctly identified that the PCR Judge made a credibility

determination by characterizing Petitioner's testimony as not credible, self-serving, and unpersuasive which failed to convince the PCR Judge that trial counsel's performance fell below a professional standard. (Dkt. Nos. 20-6 at 1–15; 29 at 36.) The Magistrate Judge concluded Petitioner failed to put forth clear and convincing evidence that the state court's factual determinations were unreasonable in light of the evidence presented or to rebut the deference the PCR court's credibility determinations are due. *Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003). As such Petitioner's ineffective assistance of counsel claims (a) through (e) are denied.[1]

In his opposition to summary judgment, Petitioner argues trial counsel failed to utilize an investigator, or to meet him more than three or four times, which was not enough to prepare for trial. (Dkt. Nos. 29 at 35; 25 at 27–28.) The Magistrate Judge addressed these issues and correctly concluded that the state court's rejection of his investigation and trial preparation claims were not "contrary to, or involved an unreasonable application of, clearly established federal law." *Williams*, 529 U.S. at 402. Further, the PCR Judge's finding of no prejudice on behalf of Petitioner's trial counsel was in part based on a determination that Petitioner's testimony was not credible. (Dkt. No. 29 at 35.) The Magistrate Judge applied the correct standard and concluded that the state court's credibility determination is entitled to deference pursuant to 28 U.S.C. § 2254(e)(1), which Petitioner failed to overcome by presenting clear and convincing evidence to the contrary.[2] (Dkt. No. 29 at 35–36.); *see also Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008)

---

[1] There is an independent sufficient ground to deny Petitioner's ineffective assistance of counsel claims (a) through (e). An alternative reading of Petitioner's Writ of Certiorari indicates it is not particular as to each issue. As such, Petitioner failed to appeal those issues to the state's highest court which precludes the Court from reviewing the claims on the merits as they are procedurally defaulted. *Evatt*, 105 F.3d at 911. Yet, the Magistrate Judge ably dealt with the Petitioner's ineffective assistance of counsel claims on the merits by liberally construing the claims presented in Petitioner's Writ of Certiorari. (Dkt. Nos. 20-11; 29.)

[2] In his Opposition to Respondent's Motion for Summary Judgment, Petitioner raises numerous claims that were not originally presented in his Petition for Habeas Corpus before this Court. He

(noting that a habeas court may overturn a state court's credibility judgments if the state court's error is stark and clear.)

With regard to ineffective assistance of counsel claim (f), Petitioner contends that counsel failed to effectively argue against the admission of victim's phone call to Shavonne Gas. (Dkt. No. 1 at 8.) This matter was presented in Petitioner's Application for PCR and denied by the PCR Judge. (Dkt. Nos. 20-3 at 199; 20-6 at 4–6, 15–16.) The issue was not presented to the appellate courts in South Carolina, The Magistrate Judge correctly found that Petitioner failed to preserve this issue for federal review, and as a result these claims are barred by procedural default. (Dkt. Nos. 29 at 30; Dkt. No. 20-11); *Evatt*, 105 F.3d at 911. The Magistrate Judge engaged in a cause and prejudice analysis to determine whether Petitioner's claims may proceed on the merits notwithstanding the fact they are procedurally barred.

A Petitioner may only overcome procedural default by showing both: (1) cause for the noncompliance with the state rule and (2) actual prejudice resulting from the alleged constitutional violation, or that a fundamental miscarriage of justice will occur if the claim is not heard. *Wainright v. Sykes*, 433 U.S. 72, 84 (1977); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To establish cause, a Petitioner must show "some objective factor external to the defense that impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 433 U.S. at 491. Prejudice occurs where there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996.) A fundamental

---

contends for various reasons that his trial counsel was ineffective for failing to review discovery with him and as such prejudiced him. (Dkt. No. 29 at 35; Dkt. No. 25 at 15–16.) Trial counsel failed to review: (1) an illegal search and seizure of his cell phone; (2) an involuntary statement given to police; and (3) failed to move for a mistrial due to the delayed production of the indictment at the start of his trial. (Dkt. No. 29 at 25; Dkt. No. 25 at 11–14.) The Petitioner did not file any motion to amend his petition and such claims are not properly before the court.

miscarriage of justice occurs in extraordinary cases where a "constitutional violation has probably resulted in the conviction of someone who is actually innocent." *Murray*, 433 U.S. at 496. The Magistrate Judge concluded there were insufficient grounds to establish actual cause and prejudice occurred so as to circumvent the exhaustion requirements necessary for federal habeas corpus review. (Dkt. No. 29 at 31-32.) Further, this case does not present a miscarriage of justice as the record makes clear there was "overwhelming" evidence of Petitioner's guilt as to the murder and weapons charges he was convicted of. (Dkt. No. 20-6 at 22); *see Franklin v. Catoe*, 552 S.E.2d 718, 722 (2001) (finding overwhelming evidence of guilt negated any claim that counsel's deficient performance could have reasonably affected the result of defendant's trial.) As such, the Court adopts the R & R that Petitioner is not entitled to relief as to Ground Two.

Last, regarding Ground Three, upon a review of the record, the Court finds that the Magistrate Judge correctly denied Petitioner's claims for relief. Petitioner claims ineffective assistance of trial counsel for failure to properly prepare and investigate. (Dkt. Nos. 1 at 8; 20-11.) Petitioner first claims the trial court erred by presuming trial counsel had a valid strategy based in part on trial counsel's reputation.[3] (Dkt. Nos. 1 at 8; 20-11.) The PCR Judge found trial counsel was aware of the evidence in the case, reviewed the evidence in files, and found it highly unlikely for trial counsel not to utilize the public defender's investigator. (Dkt. No. 20-6 at 1.) Further, the PCR Judge found that trial counsel met with Lieutenant Compton, the lead investigator on Petitioner's case, in preparation for trial. (*Id.*) Thus, the PCR Judge concluded trial counsel had a valid trial strategy based upon the evidence presented at the PCR hearing. (*Id.*); *Roseboro v. State*,

---

[3] Petitioner's trial counsel, Jack Lawson, passed away eight months after handling Petitioner's trial. His testimony could not be offered regarding his trial strategy and over Petitioner's objection, and the lower court allowed the State to offer testimony regarding the reputation of Mr. Lawson as an excellent attorney. (Dkt. No. 20-11 at 7.)

454 S.E.2d 312, 313 (1995) (noting that where counsel articulates a valid reason for employing a certain strategy, it is measured under an objective standard of reasonableness.) The Magistrate Judge aptly concluded Petitioner failed to show the state court's analysis of this issue was a misapplication of clearly established United States Supreme Court precedent, or that the application of law was unreasonable. (Dkt. No. 29 at 36); *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000). Further, Petitioner failed to overcome the PCR court's presumption of correctness with regard to credibility determinations by presenting clear and convincing evidence that the court's factual determinations were unreasonable in light of the evidence before it. *Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003).

Second, Petitioner claims the PCR court erred when it did not find ineffective assistance of trial counsel and prosecutorial misconduct based on the testimony of inmate Gary Bostic. (Dkt. Nos. 1 at 8; 20-11.) Gary Bostic testified at the PCR hearing that he would have spoken with trial counsel had he been contacted and was surprised he was not contacted as a witness. (Dkt. No. 20-6 at 17.) Johnny Etheridge, Mr. Bostic's counsel, testified he attempted to arrange an interview between Mr. Bostic and law enforcement and assumed it took place. (*Id.* at 18.) Deputy Solicitor, John Jepertinger testified he never spoke to Mr. Bostic nor did anyone else from the State. (*Id.*) Further, lead investigator, Lieutenant Compton testified that he wanted to interview Bostic, but was unable to get in touch with him. (*Id.* at 19.) The PCR court found the testimony of Jepertinger, Compton, and Etheridge to be credible and found that Mr. Bostic's testimony was not credible. (*Id.* at 17–19.) The PCR Judge found that Petitioner presented no testimony trial counsel failed to attempt contact with Mr. Bostic, or that Mr. Bostic's purported testimony would have benefitted Petitioner, and that it would be highly unlikely for trial counsel to offer the testimony of Mr. Bostic who allegedly hired Petitioner to murder the victim. (*Id.* at 20.) The PCR Judge concluded that

trial counsel's strategy for not calling Mr. Bostic as a witness was valid and Petitioner failed to show trial counsel was ineffective for not utilizing Mr. Bostic's testimony and failed to show any resulting prejudice. (*Id.*)

Further, the PCR Judge found that Petitioner's prosecutorial misconduct claim was without merit. (Dkt. No. 29 at 38–39.) Petitioner argues that the lower court erred by finding no prosecutorial misconduct regarding the testimony of Gary Bostic. (Dkt. Nos. 1 at 5–8; 20-11.) An individual asserting a *Brady* violation must demonstrate evidence: (1) favorable to the accused; (2) in the possession of or known by the prosecution; (3) was suppressed by the State; (4) was material to the accused's guilt or innocence or was impeaching. *Riddle v. Ozmint*, 631 S.E.2d 70, 73 (S.C. 2006). The PCR Judge concluded Petitioner did not prove a single prong of the *Brady* analysis as he did not establish Mr. Bostic actually made a statement, or that the alleged statement was withheld. (Dkt. No. 20-6 at 21.) The Magistrate Judge ably concluded Petitioner failed to show by clear and convincing evidence, that the PCR court reached an unreasonable factual determination in finding that Petitioner was not prejudiced by counsel's failure to interview Mr. Bostic, or that prosecutorial misconduct occurred. (Dkt. No. 29 at 30.) The Magistrate Judge found that Petitioner failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding these claims. As such, the Petitioner failed to overcome the deferential standard of review due to the state PCR court's decisions on these issues. As such, the Court adopts the R & R that Petitioner is not entitled to relief as to Ground Three.

## IV. Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Petitioner has not demonstrated the state court unreasonably applied law as determined by the United States Supreme Court, or that a decision was reached was on an unreasonable determination of the facts in light of the evidence presented at state court. Therefore, a Certificate of Appealability is denied.

## V. Conclusion

For the foregoing reasons, Court **ADOPTS** the R & R (Dkt. No. 29) as the Order of the Court and **GRANTS** Respondent's motion for summary judgment (Dkt. No. 21). The Court **DENIES** Petitioner's petition for a writ of habeas corpus brought under 28 U.S.C. § 2254 and **DENIES** a Certificate of Appealability.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 6, 2019
Charleston, South Carolina